IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                          Case No.  19-10022-JWB

JESUS TORRES,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce his sentence.  (Doc. 68.)  The motion is briefed and ripe for decision.[1]  (Docs. 68, 70.)  The motion is DENIED for the reasons stated herein.

In the superseding indictment, Defendant was charged with nine counts: five counts for possession of a firearm in violation of 18 U.S.C. § 922(g)(5), two counts for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and two counts for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  (Doc. 14.)  He pleaded guilty to one count for possession with intent to distribute a controlled substance, and one count for possession of a firearm by a prohibited person.  (Doc. 52 at 1.)  Defendant agreed in his guilty plea that he possessed 50 grams of actual methamphetamine on June 21, 2018.  (Doc. 52 at 2.)

In the pretrial sentencing report, Defendant received an offense level of 31 and a criminal history category of I.  (Doc. 55 at 18.)  This yielded a United States Sentencing Guidelines range of 108–135 months.  (*Id.*)  However, the first count to which he pleaded guilty has a statutory

---

[1] Defendant did not file a reply and the time for doing so has now passed.

minimum sentence of ten years, and the second count to which he pleaded guilty has a statutory maximum sentence of ten years. (Doc. 55 at 18.) Thus, in consideration of the statutory requirements, the court sentenced Defendant to concurrent sentences of 120 months on each count. (Doc. 60 at 2.)

Defendant now seeks compassionate release or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 68 at 1, 13.) Defendant argues that there are extraordinary and compelling reasons for his sentence reduction. (*Id.*) He argues that he has become a better person since being incarcerated and that his 120-month sentence is excessive and unnecessary. (*Id.*) He alleges that he has received a disparate sentence than similarly situated prisoners because he was distributing methamphetamine and his status as an illegal alien. (*Id.*)

Ultimately, however, Defendant asks the court to reduce his sentence from 120 months to 10 years. (Doc. 68 at 16.) Since those are the same length of sentence, Defendant has already received all the relief he requests. Moreover, the statutory minimum sentence for Count 1 is 10 years. Thus, the court cannot grant Defendant any meaningful relief.

THEREFORE, Defendant's motion to reduce his sentence (Doc. 68) is denied. IT IS SO ORDERED. Dated this 15th day of July, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE