IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             Case No. 19-10022-JWB

JESUS TORRES,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce his sentence. (Doc. 72.) The motion is briefed and ripe for decision.[1] (Doc. 73.) The motion is DISMISSED for the reasons stated herein.

**I.**     **Procedural History**

On September 29, 2020, Defendant pled guilty to one count of possession with intent to distribute a controlled substance, and one count of possession of a firearm by a prohibited person. (Doc. 52 at 1.) Defendant was sentenced to concurrent sentences of 120 months on each count. (Doc. 60.)

Defendant now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 72.) Defendant argues that there are extraordinary and compelling reasons for his sentence reduction. (*Id.*) In response, the government asserts that Defendant has failed to exhaust his administrative remedies. Alternatively, the government asserts that the motion should be denied on the merits.

**II.**     **Analysis**

---

[1] Defendant did not file a reply and the time for doing so has now passed.

Under section 3582(c)(1)(A), a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory but it can be waived if not raised by the government. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

In his motion, Defendant states that he exhausted his administrative remedies by submitting a request to the warden on August 15, 2025. (Doc. 72 at 4.) Defendant, however, did not attach his request to the motion. Therefore, the court is unable to determine whether he exhausted his administrative remedies as to the issues raised in his motion. Defendant's statement regarding exhaustion is also contradictory because he represents that he is able to file a motion "in light of the warden's response and/or non response." (*Id.*) Based on this statement, the court is unable to determine whether the warden responded to Defendant's request. This determination is important for exhaustion because Defendant may file a motion either upon a denial by the warden to bring a motion on his behalf or if 30 days have passed since making the request. If the warden denied the request, then Defendant could file a motion under the statute upon the denial. However, Defendant has not asserted that his request was denied. Alternatively, if the warden did not yet respond, Defendant must wait until 30 days after the warden received his request have passed in order to file a motion with the court. Although Defendant asserts that he submitted his request with the

2

warden on August 15, 2025, Defendant failed to put a date on his motion. (Doc. 72 at 7) (the space to write the date on the motion was left blank by Defendant). Notably, the envelope reflects that it was mailed out on September 12, 2025, which is less than thirty days from August 15. Therefore, if the warden had not yet denied Defendant's request, his motion is untimely. Based on the pleadings, the court cannot determine if Defendant has exhausted his administrative remedies as required by the statute.

Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the court must dismiss Defendant's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies. *See United States v. Morris*, No. 16-CR-20022-JAR-03, 2023 WL 6849206, at *2 (D. Kan. Oct. 17, 2023) (dismissing motion due to failure to attach the request even though the defendant asserted that she had exhausted her administrative remedies).

### III.   Conclusion

Defendant's motion to reduce sentence (Doc. 72) is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 17th day of October, 2025.

                                                __s/ John W. Broomes__
                                                JOHN W. BROOMES
                                                CHIEF UNITED STATES DISTRICT JUDGE